UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARREL TREMAINE CARTER** | : | **CIVIL ACTION NO: 2:13-cv-2324** |
| | : | **SECTION P** |
| **VERSUS** | | |
| | : | **JUDGE MINALDI** |
| **SHERIFF'S OFFICE CALCASIEU PARISH, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Darrel T. Carter, proceeding *in forma pauperis*, filed the instant civil rights complaint on July 22, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana.

Plaintiff names the following as defendants: Calcasieu Parish Sheriff's Office (CPSO), CCC Nurse Ana, CCC Warden Dean Burkhalter, and the LDOC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *I. Background*

In his complaint plaintiff states that, when he arrived at CCC on January 25, 2013, he was seen by a nurse who diagnosed him with high blood pressure. Doc. 1, p. 3. He states that the nurse also explained the importance of taking the prescribed blood pressure medication. *Id.*

At some point after his arrival at CCC plaintiff became an inmate trustee. *Id.* At that time he began experiencing problems with the administration of his medication. *Id.* Specifically, he claims that Nurse Anna allowed him to miss his medication on several occasions

-1-

but he contends that other nurses permitted him to take his medication if he overslept or missed the routine distribution for some other reason. *Id.* Plaintiff states that Nurse Anna told him that he would no longer be allowed to go to the nurses' station to retrieve his medication. *Id.* at 4. He was also told that if he had a problem waking up to get his medication, he should have another inmate wake him up. *Id.*

After he missed taking his medication on several occasions, plaintiff filed a grievance at CCC. *Id.* He did not receive a response to the initial grievance so he filed another grievance with defendant Berkhalter on July 9, 2013. *Id.* He also filed a complaint with the LDOC on July 10, 2013. *Id.* At the time of filing this petition, plaintiff had not received a response to any grievance. *Id.* Plaintiff contends that he has been subjected to retaliation as a result of filing the grievances. *Id* at 4-5. In support of this allegation, he states that on July 16, 2013, an HIV positive inmate was placed in his cell. *Id.*

Based on the above plaintiff seeks a physical and mental checkup as well as release from CCC, to have the CCC shut down and examined for sanitary reasons, and monetary damages for mental anguish and suffering. *Id.* at 6.

## II. Law and Analysis

### A. Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir.1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B.  Habeas Corpus Related Claims

In his request for relief plaintiff seeks release from confinement.

A civil rights proceeding is not an appropriate avenue for pursuing release from confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989). Plaintiff should pursue any such relief in a properly filed federal *habeas corpus* proceeding, if appropriate.

### C.  42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.  In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a

person acting under color of state law, that is, that the defendant was a state actor.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985).

### 1. Improper Defendants

The court notes that several parties to this action do not have the capacity to be sued.

Federal Rule of Civil Procedure 17(b) provides that the "[c]apacity to sue or be sued shall be determined … by the law of the state where the court is located."  Thus, Louisiana law governs whether the named entities have the capacity to be sued in this action.  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined in the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ.Code Ann. art. 24.

#### i. Calcasieu Parish Sheriff's Department

The Calcasieu Parish Sheriff's Department is not a proper party to this action.

In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).  The State of Louisiana has not granted juridical status to the Calcasieu Parish Sheriff's Department nor to any parish sheriff's office. *See Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dept*, 350 So.2d 236 (La.App. 3rd Cir. 8/30/77).  Thus, the Calcasieu Parish Sheriff's Department is not a juridical person capable of being sued under 42 U.S.C. § 1983 and should be dismissed from this suit.

#### ii. The Louisiana Department of Corrections

Plaintiff's claims against the LDOC are not viable because state agencies are not "persons" within the meaning of 42 U.S.C. § 1983.  *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir.2007); *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 71 (1981). Furthermore, the Eleventh Amendment bars lawsuits against a state agency if the agency is so

closely connected to the state that the state itself is the party in interest. *See Vogt v. Board of Comm'rs of the Orleans Levee District,* 294 F.3d 684, 688-89 (5th Cir.2002). Additionally, the Fifth Circuit has previously found that the Louisiana Department of Public Safety and Corrections is protected from suit by the Eleventh Amendment. *See Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312 (5th Cir.1999). Thus, plaintiff's action against the LDOC is barred and should be dismissed with prejudice.

### *2. Shut down CCC and Investigate*

Plaintiff requests that the court shut down CCC and order an investigation of the facility based on sanitary concerns. This type of relief is not available through this complaint. This court's duty is to review the plaintiff's compliant for alleged violations of his constitutional rights. Thus, plaintiff has failed to state a claim for which relief may be granted.

### *3. Retaliation*

Plaintiff claims that an HIV positive inmate was put in his cell as an act of retaliation for filing grievances.

Prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the Constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). However, as the Fifth Circuit has emphasized, claims of retaliation from prison inmates must "be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in penal institutions." *Id.* at 1166.

To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation

requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

Plaintiff's complaint makes conclusory allegations in support of his claim. Such allegations of retaliatory motive or intent are not sufficient to evidence a pattern of retaliation or motive for same. Plaintiff's allegations of retaliation are insufficient to state a claim and should be dismissed.

### 4. *No Actual Injury*

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an actual injury caused by the defendants' acts. *See Brock v. Sparkman*, 101 Fed. Appx. 430 (5th Cir.2004) (citing *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308-09 (1986)) (prisoner who had bumps and bruises from repeatedly hitting his head on bunk bed had no cognizable injury); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir.1993) (excessive force claim dismissed as frivolous when prisoner suffered no injury).

In this case, plaintiff has not alleged an injury caused by his placement in the cell with an inmate with HIV. Other than alleging damages for mental anguish and suffering, he has not stated that he suffered any health problems as a result of defendants' actions.

According to the Prison Litigation Reform Act "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e, *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997). For purposes of this statute, the physical injury must be more than *de minimis*. *Id.* As previously stated, plaintiff has not alleged even a *de minimis* injury sufficient to support a claim for emotional or mental suffering and his claims should be dismissed.

### III. *Conclusion*

For the reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Production of Public Records [doc. 9] be **DISMISSED AS MOOT.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

**the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir.  1996).**

THUS DONE this 2nd day of January, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE